## THE STATE v. ELLIOTT, *Appellant*.

1. **Criminal Law** : EVIDENCE : ADMISSIONS AGAINST INTEREST : MURDER. On a trial for murder, conversations with the defendant, subsequent to the homicide, in which he admitted that he killed the deceased, are admissible in evidence.

2. ———— : TESTIMONY OF DECEASED WITNESSES : PRACTICE, CRIMINAL. The testimony of witnesses taken before a justice of the peace on the preliminary examination of a criminal charge is admissible

against the defendant on the trial, where the witnesses have died after such examination and before the trial.

3. ——— : PROVOCATION : INSTRUCTION. No words of reproach or gestures, however irritating or provoking, will constitute any justification for an assault with a deadly weapon, or afford any excuse in law for the killing, should death result from the use of such weapon.

4. ——— : PRACTICE : DEFENDANT AS WITNESS : INSTRUCTION. Where a defendant in a criminal cause testified in his own behalf, an instruction that the jury were not bound to believe all or any part of his testimony, but might disbelieve the same, if the facts and circumstances of the case warranted it, is not erroneous, where the jury was told by another instruction that defendant was a competent witness and his testimony was to be weighed by the same rules that govern that of other witnesses, and where the facts and circumstances in the case contradicted defendant's testimony.

5. Practice : INSTRUCTIONS. It is not error to refuse instructions which announce principles embodied in those already given.

6. ——— : ———. A party cannot be heard to complain that an instruction was not given which was refused at his request.

*Appeal from Dallas Circuit Court.*—HON. BEN. V. ALTON, Judge.

AFFIRMED.

*J. B. Upton* for appellant.

(1) The testimony of Sarah Steele and Mrs. Chasteen was improperly admitted. They testified to no admissions, confessions or declaration against interest. (2) The court erred in admitting the testimony of William Elliott and Anna Eidson, taken before the justice of the peace, the witnesses having since died. (3) If at the close of the state's case there was any evidence tending to show that appellant killed Steele, the same evidence made a clear case of self defence and the demurrer to the evidence should have been sustained. (4) Whether failure on the part of the court to charge the jury, as required by Revised Statutes, section 1909,

is reversible error, I submit without argument. (5) The eighth instruction given for the state is very erroneous and misleading. It is not an enunciation of the doctrine that no mere words justify an assault, but, aside from the use of the word "gestures," the fair inference is that in cases where death ensues from a striking with a deadly weapon, a different rule of law prevails from that in other cases of assault. But the use of the word "gestures," as used, is equivalent to saying that there can be no justification or excuse for such killing. One man draws and presents a pistol or gun at another, this is a gesture. A gesture is always a prelude to a blow. Any movement of the hand, with or without a weapon in it, is a gesture. See Webster's definition. (6) Defendant's first and second instructions should have been given. There were no equivalent instructions. (7) Manslaughter in the third degree, as defined by Revised Statutes, section 1244, and in the fourth degree, as defined by Revised Statutes, sections 1249 and 1250, should have been defined by proper instructions given to the jury. The evidence both of the state and defendant shows a combat. In all such cases manslaughter must be defined whether defendant so requests or not. *State v. Gassert*, 65 Mo. 352; *State v. Banks*, 73 Mo. 592; *State v. Wilson*, 85 Mo. 134. The fact that defendant objected to an instruction defining one case of manslaughter in the second degree cuts no figure. In this circuit it has been the practice for years for counsel to write instructions and hand them to the court, who indorses them "obj" and passes on them before counsel on the other side sees them at all. Besides objection to that instruction does not carry with it objection to all the degrees or classes of manslaughter to which the evidence is applicable. (8) There was no evidence upon which to base a judgment of conviction.

*B. G. Boone.* Attorney Genefal, for the state.

(1) The testimony of Sarah Steele and Mrs. Chasteen was properly admitted. Admissions against interest are admissible in evidence. Roscoe's Crim. Evid. [7 Ed.] sec. *38, and cases cited; Whar. Crim. Evid. [8 Ed.] secs. 626, 632; Barbour's Crim. Law [2 Ed.] 463; 1 Moody C. C., 465, 452, 27, 28; *State v. Miller,* 49 Mo. 505; *State v. Carlise,* 57 Mo. 102; *State v. Hill,* 65 Mo. 84; *State v. Branstetter,* 65 Mo. 149. (2) Copies of witnesses' testimony, given before a justice of the peace, in presence of the accused, may be received in evidence on the trial, on proof of the death of such witnesses. *State v. McO'Blenis,* 24 Mo. 402; *State v. Houser,* 26 Mo. 431; *State v. Harman,* 27 Mo. 120; *State v. Carlisle,* 57 Mo. 105. (3) The eighth instruction given by the court, as to words of reproach or irritating or provoking gestures, is a correct declaration of law. No mere words of reproach or gestures, no matter how irritating or provoking, will mitigate or extenuate an intentional homicide. 1 Whar. Crim. Law [8 Ed.] sec. 619; 2 Bish. Crim. Law [6 Ed.] sec. 25; *State v. Starr,* 38 Mo. 270, and authorities cited; *Murray v. Boyne,* 42 Mo. 472; *State v. Brown,* 64 Mo. 373; *State v. Griffin,* 89 Mo. 49; *Cushman v. Ryan,* 1 Story, 91; *Winfield v. State,* 3 Green (Iowa) 339; *Donnelly v. Harris,* 41 Ill. 126; *Mitchell v. State,* 41 Ga. 527; *Com. v. Selfridge,* Hor. and Thom. on Self Defense, p. 1; *Kunkle v. State,* 32 Ind. 220. (4) The tenth instruction given by the court, in regard to defendant's testimony, is correct. *State v. McGuire,* 69 Mo. 197; *State v. Zorn,* 71 Mo. 415; *State v. Cooper,* 71 Mo. 436; *State v. McGinnis,* 76 Mo. 326; *State v. Sanders,* 76 Mo. 35; *State v. Cook,* 84 Mo. 40. (5) There was no evidence on which to base instructions numbered one, two and three asked by

defendant. They were not correct declarations of law, and were properly refused. The instructions given by the court covered every phase of the case under the evidence.

NORTON, J.—The defendant was indicted in April, 1881, in the circuit court of Polk county, for murder in the first degree, for killing one George Steele, on the seventeenth day of June, 1880. The cause was subsequently removed by change of venue to the Dallas county circuit court where a trial was had, resulting in a verdict of murder in the second degree and the assessment of defendant's punishment at ten years imprisonment in the penitentiary.

A reversal of the judgment is sought because of alleged errors committed by the court in the reception of evidence, and in giving and refusing instructions. At the trial the court, over the objection of defendant, allowed Mrs. Chasteen and Sarah Steele to detail conversations had with the defendant soon after the killing of deceased. The object of this evidence was to establish that in these conversations defendant admitted that he killed the deceased, and it is shown by them that defendant, though repeatedly charged with killing the deceased, did not deny the fact. The admission of the evidence is fully justified by the following authorities: *State v. Miller*, 49 Mo. 505; Wharton Crim. Evid. [8 Ed.] sec. 631; Roscoe's Crim. Evid. [7 Ed.] 53 and 54.

It is next objected that the court erred in admitting the testimony of William Elliot and Anna Eidson, taken before the justice of the peace on the preliminary examination, the said witnesses having in the *interim* died. This evidence was admissible under the ruling of this court in the case of *State v. McO'Blenis*, 24 Mo. 402, which was subsequently followed in the cases of *State v. Houser*, 26 Mo. 431; *State v. Harmon*, 27 Mo. 120; *State v. Carlisle*, 57 Mo. 105; *State v. Able*, 65 Mo. 357.

It is next objected that the eighth instruction given on behalf of the state is erroneous. It is as follows : "When a person strikes another with a deadly weapon in a manner calculated or likely to produce death no words of reproach or gestures, however irritating or provoking, amount to or constitute any justification or excuse in law for the killing, if death results from such striking." A criticism is made upon the use of the word gestures in the instruction. We cannot see that the use of this word, as applied to the facts in evidence, was in any manner calculated to mislead a jury of ordinary intelligence, and besides this, it is in accord with what is ruled in the cases of *State v. Brown*, 64 Mo. 373; and *State v. Starr*, 38 Mo. 271. In the case last cited it is said : "Where there is lawful provocation, the law, out of indulgence to human frailty, will reduce the killing from the crime of murder to manslaughter ; but neither words of reproach how grievous soever, nor indecent provoking actions or gestures, however much calculated to excite indignation or arouse the passions, are sufficient to free the party killing from the guilt of murder."

It is also insisted that the court erred in giving for the state the tenth instruction to the effect that while the jury should take into consideration all the statements made by defendant as a witness they were not bound to believe all or any part thereof, but might disbelieve the same if the facts and circumstances of the case warranted it. In view of the fifth instruction given for defendant, to the effect that "defendant was a competent witness in the case and that his testimony was to be weighed by the same rules that govern the testimony of other witnesses," without further qualification ; and in view of the fact that defendant testified that deceased took a rock from his coat pocket with his right hand, and, while holding him with his left hand, struck defendant in the breast with it, letting the rock then fall to

the ground, and that the blow thus given made a bruised and swelled place lasting for several weeks afterwards, and that he never told anybody that deceased had hit or hurt him till long after the preliminary examination ; in view of these facts, and the fact shown by other evidence, that deceased, when found where he was killed, had no coat, and no rock was found in the vicinity of the tragedy, and other facts in evidence, the instruction complained of might well have been given.

The first and second instructions asked by defendant were properly refused, because the law of self-defence, under the evidence, was fully and correctly stated in the seventh instruction given for the state, and the sixth instruction given for the defence.

It is insisted that the court erred in not giving an instruction on some of the grades of manslaughter to which the evidence might apply. The record shows that the state asked an instruction to the following effect, that if the jury believed from the evidence, beyond a reasonable doubt, that "defendant did, without the design to effect death, in the heat of passion, but in a cruel and unusual manner, kill George Steele, unless the same was done under such circumstances as to constitute justifiable or excusable homicide, as defined by the instructions of the court, they will find defendant guilty of manslaughter in the second degree." The record shows that this instruction was objected to, and the objection sustained, and the instruction refused; and the defendant cannot be heard to complain that his request was granted by the refusal.

Counsel for defendant has not undertaken to show or point out what other grade of manslaughter, other than the one pointed out in the refused instructions, the facts in evidence would apply to. The evidence tended to show that deceased was either killed by defendant under circumstances wholly unjustifiable, and that the wound inflicted upon him with a knife must

have caused instant death, or that defendant killed him in self-defence. These questions were fairly submitted to the jury, and there being evidence in the record to sustain their finding, we cannot interfere.

The record shows that two juries have passed on this case, one in the county of Polk, where the tragedy occurred, which, on motion, was set aside, and in the county of Dallas, where the cause had been taken by change of venue, and both juries reached the same conclusion.

Perceiving no reversible error, the judgment is affirmed. All concur, except Sherwood, J., absent.