[No. 10255. Department One. June 29, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE H. WILSON, *Appellant*.[1]

CRIMINAL LAW—DEFENSE—INSANITY — PLEA— WAIVER —SUSPENSION OF JUDGMENT. Under Rem. & Bal. Code, § 2174 *et seq.*, providing for a special plea of insanity and the method of trial, when an accused person is mentally irresponsible at the time of trial, the plea is waived if not interposed before jury trial, and hence cannot be urged in the supreme court as ground for suspending judgment.

CRIMINAL LAW—INSANITY AFTER CONVICTION—DETERMINATION—JURISDICTION—SUSPENSION OF JUDGMENT. Where a person convicted of crime has since become insane, the superior court has original jurisdiction, notwithstanding an appeal to the supreme court, to determine the question of his sanity and if insane to suspend the judgment; hence the supreme court will not entertain a motion to suspend judgment until the question of insanity is determined.

[1]Reported in 124 Pac. 1125.

Motion filed in the supreme court June 8, 1912, to stay an affirmance of a judgment of the superior court for Thurston county, Mitchell, J., entered November 15, 1911, upon an appeal from a conviction of murder in the second degree, pending an inquisition of lunacy. Denied.

C. E. Collier (Chas. Ethelbert Claypool, of counsel), for appellant.

John M. Wilson, for respondent.

CHADWICK, J.—Defendant George H. Wilson was convicted of the crime of murder in the second degree, in the superior court for Thurston county. The judgment of conviction was affirmed in this court on May 23, 1912. On June 6, defendant, by his attorneys, filed a motion in the superior court, praying for the appointment of a lunacy commission to examine the defendant with reference to his insanity at the time of the trial and at the present time. On June 8, defendant by his attorneys filed a motion in this court praying:

"That an order be entered herein suspending, setting aside and holding for naught that certain judgment which was entered in this court, the same being filed May 23, 1912, and being numbered No. 10255, the same being the case of state of Washington, respondent, vs. George H. Wilson, appellant, for the reason that the said George H. Wilson is now insane and has been insane at all times since on or about October 1st, 1911, and that an order be entered in this court suspending, setting aside and holding said judgment of this court for naught pending the hearing of the petition of defendant in the superior court of the state of Washington for Thurston county, upon the sanity of the above named defendant, George H. Wilson, and as to whether or not he has been insane at all times since on or about October 1st, 1911, and is now insane."

This motion is supported by affidavits tending to show that the defendant was insane at the time he was tried, and has ever since been, and is now, mentally irresponsible. The record before us shows that, since the filing of these motions,

the judge of the superior court has denied the application there made, upon the principal ground, as we gather from the argument, that, inasmuch as no remittitur had gone down from this court, he had no jurisdiction to hear or determine anything with respect to the liberty of the defendant. Assuming that this court has complete jurisdiction, counsel for defendant have brought this motion on for hearing, and have suggested in argument that they expect to supplement it by petition for mandamus, to compel the superior court to proceed with the examination pending the stay of our judgment.

Counsel relies upon the elementary principle that an insane person shall not be put to trial for his life or liberty, and now contends that, if he can show that defendant was insane at the time of the trial, his liberty, subject of course to incarceration for present insanity, can be obtained by order of the court. The case of *State ex rel. Mackintosh v. Superior Court*, 45 Wash. 248, 88 Pac. 207, is relied on, but that case can have no controlling force here, because the application for a commission was made before the trial, and for the further reason that, since that decision was rendered, the legislature has taken notice of the lack of any statute defining a procedure in such cases, and by express enactment has provided for the manner of trying the question of insanity at the time of the trial. Rem. & Bal. Code, § 2174, provides that this may be determined by the jury under a special plea. Succeeding sections point the proper procedure in the event that the jury finds mental irresponsibility at such time. These statutes are ample to protect the rights of a defendant, and the fact that such plea was not interposed warrants us in holding that the question was waived. In our judgment, this holding does no violence to the rule that an insane person shall not be put to trial; for, as we read the statutes, although that fact were proven, it would not operate to discharge the defendant, but only work a continuance until such time as, in the judgment of the prosecuting officers, his

reason became restored. We think the plain inference to be drawn from a reading of § 2174 is that such plea must be interposed before the case is submitted to the jury; and that, if it comes thereafter, it is too late.

In holding that the question of insanity at the time of the trial is not now open to the defendant, we do not want to be understood as holding that his present mental condition cannot be inquired into. The superior court has original jurisdiction in such cases, and its exercise does not depend upon any order or judgment of this court, and the mental condition of defendant may be determined without in any way conflicting with any judgment we may render, or may have heretofore rendered. If the fact is found so to be, its legal effect would be to suspend our judgment, which is based on the merits, the plea of not guilty, and in no way limits the authority or jurisdiction of the superior court to take cognizance of facts and issues subsequently arising.

The motion is denied.

PARKER, CROW, and GOSE, JJ., concur.