[No. 14836.   Department Two.   September 23, 1918.]

## THE STATE OF WASHINGTON, *Respondent,* v. HARRY KEECH *et al., Appellants.*[1]

CRIMINAL LAW—RIGHTS OF ACCUSED — MEETING WITNESS — TRIAL. It is not error, in that accused did not meet the witnesses face to face, as required by Rem. Code, § 2306, that the stenographer read over the testimony of a witness for the benefit of a juror who fell asleep, and the accused was then given opportunity to ask the witness any questions whether previously covered or not.

LARCENY—OWNERSHIP OF PROPERTY—EVIDENCE—INCORPORATION OF COMPANY. In a prosecution for stealing a calf alleged to belong to the S. stock company, it is not material to prove that the company was incorporated, where it was shown to be dealing in stock; hence oral evidence of its incorporation is not prejudicial.

SAME—EVIDENCE—SUFFICIENCY. There is sufficient evidence to sustain a conviction of stealing a calf, where its head, hide, and feet were identified, and there was evidence that it was in the possession of the defendants, who sold it to a butcher.

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered December 12, 1917, upon a trial and conviction of larceny. Affirmed.

*Charles Bolin, O. B. Root,* and *Jno. H. Bruff,* for appellants.

*O. R. Schumann* and *J. Lenox Ward,* for respondent.

MOUNT, J.—Appellants were convicted of stealing one head of neat cattle, the property of the Satus Stock Company, a corporation, and of the value of $35. They appeal from a sentence pronounced upon the verdict of a jury.

Upon the trial, when a witness for the state was being cross-examined by counsel for the appellants, the counsel noticed that one of the jurors was asleep.

[1] Reported in 175 Pac. 176.

He addressed the juror, saying: "You were asleep?" The juror nodded his head in the affirmative. The court, addressing the juror, said: "You didn't hear the testimony?" To which the juror made no response. Thereupon the court directed the reporter to read the testimony of the witness to the juror. Counsel for appellants objected thereto, and the objection was overruled. Thereupon the reporter read aloud all the testimony given by the witness. The court then asked the juror: "Did you hear all of the testimony up to the time this witness took the stand?" The juror answered, "Yes, sir." The court then said to counsel: "You may ask the witness any question you desire on cross-examination, whether you have already covered the ground or not." Counsel for appellants thereupon objected to further proceeding with the trial.

It is argued now that this was error, prejudicial because, under Rem. Code, § 2306, appellants were entitled to meet the witnesses face to face. We think this statute is not applicable to the question here presented, because it is plain that the appellants did meet the witness face to face. The evidence, as taken down by the stenographer, was read to the jury in the presence of the appellants. The result was the same as though the witness had repeated his testimony *verbatim*. Furthermore, the court granted leave to counsel to reexamine the witness, and, if any prejudice occurred by reason of the fact that the juror fell asleep, counsel for the appellants had an opportunity to fully apprise the juror of everything that had occurred. We are satisfied, therefore, that there was no error in this proceeding.

It is next argued by the appellants that there was no proof of the incorporation of the Satus Stock Company. At least two witnesses testified that the Satus

Stock Company was a corporation and that it owned the calf which was stolen. Whether the corporation was in fact legally incorporated was not material. The rule is stated in 3 Ency. of Evidence, page 594, as follows:

"On a prosecution for an offense committed on the property of a corporation, proof that a corporation was a *de facto* corporation doing business as such in the corporate name set out in the indictment is sufficient. It is not necessary that it should be proven to be a corporation *de jure.*"

See, also, *People v. Barric,* 49 Cal. 342; Rem. Code, § 2156.

There was evidence to the effect that the corporation was dealing in stock at the time and place named in the information, and we are clearly of the opinion that this was sufficient without showing that the company was legally incorporated.

It is next argued that the evidence was insufficient upon which to base a verdict. Without reciting the evidence, it is sufficient to say that the calf which was lost to the corporation was identified by two officers thereof, who recognized the head, hide and feet of the calf, which had been killed; the calf was in the possession of the appellants; it was sold by them to a butcher; and the butcher paid them for it. We are satisfied that the evidence was sufficient to be submitted to the jury.

We find no error in the record, and the judgment must therefore be affirmed.

MAIN, C. J., HOLCOMB, and MACKINTOSH, JJ., concur.