[No. 20485. Department Two. June 29, 1927.]

THE STATE OF WASHINGTON, *Appellant*, v. E. L. SICKLES, *Respondent*.[1]

[1] CRIMINAL LAW (197)—TRIAL—LIST OF WITNESSES. The indorse-ment of the names of the state's witnesses on the information is a sufficient compliance by the state with Rem. 1927 Sup., § 2050, requiring the state to serve on the defendant a list of its witnesses.

[2] CONSTITUTIONAL LAW (143)—CRIMINAL LAW (197)—RIGHT TO JUSTICE—DEFENDANT'S LIST OF WITNESSES. Rem. 1927 Sup., § 2080, requiring the accused to file and serve a list of his witnesses within five days after receiving the state's list, is not unconstitutional, when not given a mandatory construc-tion which would violate accused's right to a fair trial under Const., Art. 1, § 22; hence the accused should, on a proper show-ing, be allowed to call witnesses not known to him in time to give the notice required by the act.

Appeal from an order of the superior court for King county, Findley, J., entered January 14, 1927, granting a new trial to the defendant, after a trial and convic-tion of robbery. Affirmed.

*Ewing D. Colvin* and *Harry A. Rhodes,* for appel-lant.

*Henry Clay Agnew,* for respondent.

HOLCOMB, J.—The state appeals in this case from an order granting a new trial to the defendant in a felony prosecution.

The appeal involves the question as to the validity of § 2, Laws of Extraordinary Session of 1925, p. 420, amending § 2050, Rem. Comp. Stat. [P. C. § 9258]. Sec-tion 2 reads as follows:

"Sec. 2. That Section 2050 of Remington's Com-piled Statutes of Washington be amended to read as follows:

[1]Reported in 257 Pac. 385.

"Section 2050. All informations shall be filed in the court having jurisdiction of the offense specified therein by the prosecuting attorney of the proper county as informant; he shall subscribe his name thereto, and at the time the case is set for trial the prosecuting attorney shall file with the clerk a list of the witnesses which he intends to use at the trial and serve a copy of the same upon the defendant, and within five days thereafter the defendant shall file with the clerk and serve upon the prosecuting attorney a list of the witnesses which the defendant intends to use at the trial. Either party may add such additional names at any time before trial as the court may by order permit, and the said court shall possess and may exercise the same powers and jurisdiction to hear, try, and determine all such prosecutions upon information, to issue writs and process, and do all other acts therein, as it possesses and may exercise in cases of like prosecution upon indictments." [Rem. 1927 Sup., § 2050.]

[1] In accordance with the statute, the state served the defendant with a list of its witnesses by endorsing the same on the information. This was a sufficient compliance with the statute. The defendant served no list of witnesses upon the state. A jury was impaneled and sworn to try the case, and the state put in its evidence, calling no witnesses except those endorsed on the information. The defendant then testified on his own behalf without any objection on the part of the state. After he had testified, he sought to call other witnesses in his behalf. The state objected to the reception of this testimony on the ground that he had not complied with the statute above quoted, in that he had served no list of witnesses upon the prosecuting attorney. The court sustained the objection of the prosecuting attorney, and five witnesses proposed to be called by defendant were excluded from testifying. The case was submitted to the jury, which found the defendant guilty.

Defendant moved for a new trial, which the court granted, upon the ground that the statute requiring the defendant to furnish the state a list of witnesses was unconstitutional. In the order, the court recited that a new trial was granted solely upon the ground that § 2050, as amended by chapter 150, Laws of the Extraordinary Session of 1925, p. 420, in so far as it required the defendant to file a list of witnesses, is unconstitutional, it being the view of the court that the provision is mandatory. The court further stated that the ruling was made because the court believed it was in error at the trial in excluding the testimony of defendant's witnesses, and that this order granting a new trial was made solely upon the grounds therein stated, and for no other reason, and was not made in any manner as a matter of discretion of the trial court.

[2] In arguing the one assignment of error, that the court erred in granting defendant's motion for a new trial, appellant asserts that the statute is valid, but cites no nearer authority for the same than the decisions of this court, beginning with *State v. Wilson,* 69 Wash. 235, 124 Pac. 1125, upon the statute of 1907, governing the matter of procedure in cases where the defense of insanity is interposed (§ 2174, Rem. Comp. Stat.) [P. C. § 9294], which requires the defense of insanity to be set up by a special plea before trial, excepting in cases where the insanity was not discovered, but, in any event, before the submission of the case to the jury. It is stated that that statute, in effect, would prevent the defendant from calling witnesses in his behalf to establish his insanity, unless his insanity had been pleaded as provided for by the foregoing statute. But that statute dealt with a special defense. It did not deal with the general issue as to whether or not the person charged with a crime is in fact guilty of the crime charged.

A former statute, more stringent than the one now before us, requiring the prosecuting attorney to endorse the names of witnesses on the information before trial and containing no express provision for the endorsement of any witnesses after the trial had begun, was before this court in *State v. Bokien,* 14 Wash. 403, 44 Pac. 889. We there held that the court could permit the endorsement of the names of witnesses by the prosecuting attorney during the course of the trial, if necessary to the attainment of justice. We said:

"The statute prescribes the duty of the prosecuting attorney but does not undertake to define the duty or interfere with the discretion of the court in the conduct of the trial. If an important witness should become known to the prosecuting attorney after the commencement of the trial, we think it would be within the discretion of the court either to permit his name to be endorsed upon the information, or to allow him to testify without his name being endorsed thereon at all."

The case of *State v. Dickson,* 6 Kan. 209, was cited, and the case of *State v. Cook,* 30 Kan. 82, 1 Pac. 32, was quoted at some length to sustain the above ruling.

It is true, as appellant argues, that, prior to the passage of this statute, the prosecution was at some disadvantage regarding the nature of the testimony that it would be required to meet, on the part of the defense and the character of the witnesses.

This statute aims to place the state and the defense more nearly upon an equality. We have a constitutional provision, however, which to some extent governs the rights of the accused. Article I, § 22, constitution of Washington, provides:

"Rights of Accused Persons.—In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the

witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed, and the right to appeal in all cases; and in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed.''

Under the above constitutional provision, no court has the right to deprive a person on trial on a charge of crime or misdemeanor of the right to produce witnesses in his defense and to have compulsory process therefor. The construction placed upon the statute before us by the trial court would undoubtedly render the statute unconstitutional and void; but such construction is unnecessary and improper. We see no reason why the accused in a criminal case, in the interest of orderly procedure and to protect the rights of the public, cannot be required to furnish a list of witnesses after a reasonable time after having received a list of witnesses from the prosecution, without violating the constitutional right to compulsory process. We think in this statute a reasonable time is provided. But if the defendant did not know that certain witnesses were important to his defense at that time, and learns of them later, he should be entitled to furnish a list of such witnesses and procure compulsory process for their attendance. Indeed, this constitutional right obtains at all times to the end of the trial. That was what was done to further the attainment of justice on behalf of the prosecution in the *Bokien* case, *supra*. That was what should have been done in this case. In this case, counsel for respondent, the defendant, made an offer of proof of what each individual witness would testify to. He also made an offer to show that the defense did not know of the witnesses until the night before the trial. In such case the exclusion of the testi-

mony of the witnesses for the defendant would prevent the defendant from having a fair trial, as guaranteed by the constitution.

To construe the statute as mandatory instead of directory, preventing the exercise of any discretion on the part of the trial court in such cases, would certainly render the statute unconstitutional.

We are of the opinion that the statute is valid and that the construction placed upon it by the trial court is erroneous, but the result reached by the trial court in granting a new trial is correct, whatever the reason assigned.

The order is therefore affirmed.

MACKINTOSH, C. J., TOLMAN, and MAIN, JJ., concur.