[No. 22878.   *En Banc.*   June 24, 1931.]

THE STATE OF WASHINGTON, *Respondent,* v. CLYDE
LUNSFORD, *Appellant.*[1]

[1]Reported in 300 Pac. 529.

*Welsh & Welsh,* for appellant.
*Herman Murray,* for respondent.

BEALS, J.—Clyde Lunsford was charged by information, filed with the prosecuting attorney of Pacific county, with the crime of second degree assault, alleged to have been committed upon one Elmer Pedersen. Defendant having pleaded not guilty, after a trial the jury disagreed and were discharged; upon a second trial, held a few months later, the jury returned a verdict of guilty, and from judgment and sentence upon this verdict, defendant appeals.

Appellant contends that the evidence does not support the verdict, and that, for this reason, his motion for a new trial should have been granted. While the evidence is directly in conflict, an examination of the record convinces us that a question of fact was presented upon which the jury was entitled to pass, and that it cannot be held as matter of law that upon the evidence the trial court should have ruled in appellant's favor.

Appellant assigns error upon the refusal of the trial court to permit Mrs. Martha Dennison, a witness offered on his behalf, to testify. When Mrs. Dennison was offered as a witness, it appeared that she had not been subpoenaed, and that her name had not been included upon the list of defendant's witnesses which had been furnished to the state, as provided by Rem. 1927 Sup., § 2050. This court, in the case of *State v. Sickles,* 144 Wash. 236, 257 Pac. 385, affirmed a judgment of the superior court granting a defendant in a

criminal proceeding a new trial because of error committed by the trial court in refusing to allow witnesses offered on behalf of the defendant to testify, for the reason that no list of the defendant's witnesses had been served upon the state. It appeared that the defendant had made a formal offer of proof as to what each witness offered on his behalf would testify, and also offered to show that the defense did not know of the witnesses until the night before the trial. In the case at bar, no offer of proof was made, nor was it shown when appellant decided that he would offer Mrs. Dennison as a witness on his behalf.

In the case of *State v. Adams,* 144 Wash. 699, 257 Pac. 387, a companion case to that of *State v. Sickles, supra,* in a short *per curiam* opinion, a similar order to that from which the state appealed in the *Sickles* case, entered by the same judge upon approximately the same state of facts, was affirmed. In the *Adams* case, however, this court refers to the fact that no offer of proof had been made, and that there had been no showing as to the reason why a list of witnesses was not furnished. From the opinion in the latter case, it appears that the trial court failed to exercise his discretion in refusing to allow the defendant's witnesses to be sworn, but relied strictly upon the statute, and the order appealed from was therefore affirmed.

Upon such a situation arising as that now under discussion, an offer of proof should be made, stating, briefly, the substance of the testimony which will be given by the witness whose testimony is desired. There is nothing in the record before us from which it can be determined that Mrs. Dennison would have testified to any facts material to the issues, or that her testimony would have been admissible in evidence. In the *Sickles* and *Adams* cases above cited, the respective defendants were not allowed to introduce any

testimony whatever save their own. In the case at bar, appellant presented much testimony on his behalf, and an entirely different question is presented upon the assignment of error now under discussion.

It is a very simple thing for a defendant to make a statement by way of an offer of proof, embodying the substance of what he believes will be the testimony of a witness offered on his behalf. To hold that, upon this matter, the action of the trial court constituted reversible error, might result in a ridiculous situation if, after reversal of the judgment of guilty, upon the case once more coming on for trial, it should appear that the witness whose testimony was desired by defendant could give no testimony which was pertinent or which under the law was admissible. Because of the failure of appellant to make any offer of proof as to the facts concerning which Mrs. Dennison would testify, we find no reversible error in the ruling of the trial court refusing to allow the witness to be sworn.

Appellant called as a witness on his behalf Mrs. Agnes Darnell, who testified that she had for three years lived just across the street from appellant's home, and that she was well acquainted with him. The prosecuting witness had testified that appellant had stabbed him with a knife, and in the course of the examination of Mrs. Darnell, appellant's counsel propounded to her the following question:

"Do you know of your own knowledge whether or not Clyde Lunsford owned or carried a knife immediately prior to May 25, 1929?"

To this question, the prosecution interposed an objection, which was by the court sustained. Appellant assigns error upon this ruling, and cites authorities which he contends support his position. We find no error in the ruling complained of, and the authorities cited by appellant are not in point. Appellant him-

self testified fully concerning this matter, and the offered testimony on the part of a neighbor constituted mere negative evidence of the vaguest sort. The rule laid down in Wharton's Criminal Evidence (10th ed.), p. 1748, § 923, and in 16 C. J., p. 562, § 1091, relied upon by appellant, is not controlling upon the question here presented.

■ ■ Appellant next assigns error upon the refusal of the trial court to permit the reading to the jury of the testimony of one John Bannish, a witness on behalf of appellant, who had testified at the first trial. It appears from the record that, prior to the second trial, a subpoena for Mr. Bannish was regularly issued and seasonably placed in the hands of the sheriff of Pacific county for service. The sheriff testified that he had endeavored to serve the subpoena, but had been unable to do so. June third, the day before the opening of the second trial, appellant caused the testimony of John Bannish given at the first trial to be transcribed by the reporter, certified to by the reporter and the presiding judge, and served upon the prosecuting attorney, together with a notice that appellant would ask leave to read the testimony at the trial.

Upon objection by the prosecution, the trial court refused to allow the testimony to be read for the reason that three days notice of appellant's intention to use the same had not been given, as required by Rem. Comp. Stat., § 1247. This court, in the case of *State v. Waite,* 141 Wash. 429, 251 Pac. 855, held that the trial court had not erred in permitting the state to read, at the second trial of one accused of attempted robbery, the testimony of a witness on behalf of the state given at the prior hearing. In the case cited, the decisions of this court in the cases of *State v. Cushing,* 17 Wash. 544, 50 Pac. 512, and *State v. Keech,* 103 Wash. 533, 175 Pac. 176, were discussed, and it was

held that the trial court had properly permitted the state to read the testimony. The testimony given by Mr. Bannish at the first trial was competent and material, and constituted an important part of appellant's defense.

Respondent contends that the record fails to show diligence on the part of appellant in attempting to procure the presence of Mr. Bannish at the second trial, and that appellant, having failed to give the three days notice required by the section of the statute above referred to, was not entitled to have the testimony read at the second trial. We are clearly of the opinion that the record shows diligence on the part of appellant in endeavoring to secure the attendance of Mr. Bannish as a witness on his behalf. The subpoena directed to the witness was seasonably placed in the hands of the sheriff, who testified that he did everything he could to effect service thereof. On this phase of the case, it sufficiently appears that appellant used every reasonable effort to procure the attendance of his witness.

Section 2306, Rem. Comp. Stat. (Laws 1909, p. 907), reads as follows:

"Every person accused of crime shall have the right to meet the witnesses produced against him face to face: *Provided,* That whenever any witness whose deposition shall have been taken pursuant to law by a magistrate, in the presence of the defendant and his counsel, shall be absent, and cannot be found when required to testify upon any trial or hearing, so much of such deposition as the court shall deem admissible and competent shall be admitted and read as evidence in such case."

In the case of *State v. Galbraith,* 150 Wash. 664, 274 Pac. 797, on appeal from a judgment rendered against him entered upon a verdict of guilty rendered by the jury on the defendant's second trial, the appellant contended that the trial court had erred in allowing

the state to introduce testimony given by the stenographer who had reported the first trial to prove the testimony of a witness given upon that trial, the state having been unable to procure the presence of the witness at the second hearing. This court held that under section 2306, *supra,* the testimony was properly received.

The fact that in the case at bar appellant's counsel, when it was discovered that the sheriff had been unable to serve the subpoena upon Mr. Bannish, caused the testimony given by this witness at the former trial to be transcribed by the official reporter and certified to by both the reporter and the trial judge, is immaterial, and we hold that such testimony should be considered as the deposition of the witness, within the provisions of section 2306 above quoted, and that, under that provision of the statute, appellant was entitled to read so much of the testimony as the court held properly admissible.

Under the circumstances here shown and following the authorities above cited, we are of the opinion that reversible error was committed by the trial court in refusing to allow the reading of the testimony given by Mr. Bannish at the first trial as offered by appellant. A different question would be presented had appellant known for a considerable period of time prior to the second trial that his witness would not be available. Such a case is not here presented.

Appellant also assigns error upon the giving by the trial court of an instruction in which the jury were reminded that they had taken a solemn oath to try the issues upon the evidence received, and upon the law as given by the court, that it was not the province of the jury to grant clemency or mercy, and that they had nothing to do with the punishment to be inflicted in case a verdict of guilty should be returned. Appel-

lant contends that, in giving this instruction, the trial court violated the state constitution, Art. IV, § 16, which provides that

"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."

The instruction complained of does not violate the constitutional provision; no incorrect principle of law was therein enunciated; and we find in the instruction no error which entitles appellant to a reversal.

Appellant contends that the venue of the alleged offense was not sufficiently proven. In view of our decision that the judgment appealed from must be reversed and a new trial ordered, no discussion of this matter is necessary.

For the error above referred to, the judgment appealed from is reversed, with instructions to the trial court to grant appellant a new trial.

TOLMAN, C. J., PARKER, MAIN, MITCHELL, BEELER, MILLARD, and HOLCOMB, JJ., concur.

FULLERTON, J., dissents.