[No. 28106. Department One. May 5, 1941.]

THE STATE OF WASHINGTON, *Respondent,* v. J. W.
THOMAS, *Appellant.*[1]

[1]Reported in 113 P. (2d) 73.

574

*Geo. E. O'Bryon,* for appellant.

*Shirley R. Marsh, H. Jerard Imus,* and *Joe L. Johnson,* for respondent.

DRIVER, J.—In a trial to a jury, the appellant was convicted on each of two counts of an information

charging him with the crime of sodomy. His motion for a new trial was denied. He has appealed from the judgment and sentence entered on the verdicts. As the appellant does not question the sufficiency of the evidence to sustain the verdicts, the circumstances of the offenses will not be stated except in connection with the discussion of the assignments of error.

The governing statute, Laws of 1937, chapter 74, p. 322, § 3, Rem. Rev. Stat. (Sup.), § 2456 [P. C. § 8768], provides that, when an act of sodomy is committed upon a child under the age of fifteen years, the crime shall be punishable by imprisonment in the state penitentiary for not more than twenty years, but that otherwise the maximum term of imprisonment shall be ten years.

The first count of the information charged that appellant voluntarily submitted "to be carnally known with the mouth and tongue by one [certain] male child . . . of the age of fourteen years; . . ." The second count accused appellant of the commission of a like offense with a certain female child of the age of thirteen years. Over objection, the prosecuting witnesses testified as to their own respective ages. Appellant contends that such testimony was hearsay, not the best evidence, and should have been excluded.

It is a general rule, supported by the overwhelming weight of authority, that a witness is competent to testify regarding his own age although his knowledge of that fact necessarily must be based largely upon statements made to him by others. 20 Am. Jur. 414, § 472; 22 C. J. S. 1233, § 722a; Annotation, 39 A. L. R. 376. The rule applies to criminal prosecutions for rape and other crimes in which the age of the witness is a constituent element of the offense. 1 Wharton's Criminal Evidence (11th ed.), 718, 721, § 470. It has been recognized and approved by this

court. See *State v. Rackich*, 66 Wash. 390, 119 Pac. 843, Ann. Cas. 1913C, 312, 37 L. R. A. (N. S.) 760.

Appellant does not dispute the rule. He denies that it is applicable in the instant case. The prosecuting witnesses were both wards of the juvenile court, had lived away from home for a good many years prior to the trial, and, therefore, appellant maintains, it must be assumed that their testimony was not based upon the sources of information contemplated by the rule, namely, reputation in the family or statements made by the parents.

Every witness is presumed to know his own age and the basis of his knowledge is a matter for cross-examination. *State v. Bowser*, 21 Mont. 133, 53 Pac. 179; *State v. Scroggs*, 123 Iowa 649, 96 N. W. 723. In the instant case, counsel for appellant did not see fit to inquire on cross-examination as to the source of information of either of the prosecuting witnesses. Furthermore, it appears from the record that, although they had been living away from home, each of them had access to the usual family sources of information. The girl went home for occasional visits, and the boy was in touch with his father and sometimes talked with him, in one instance, it appears, only two or three months prior to the trial.

In support of his contention, appellant directs our attention to *People v. Colbath*, 141 Mich. 189, 104 N. W. 633. In that case, the defendant was charged with statutory rape. The age of the prosecutrix was established by the testimony of an elder sister. On cross-examination of the prosecutrix, defendant's counsel attempted to elicit from her an admission that she was over the statutory age of consent. She stated, however, that her mother had died when she was two years old, she had had no information regarding her age from any other family source, and her opinion about

it was based solely upon statements made to her by a woman, not a relative, with whom she had lived as a child. The court concluded that she could not testify as to her age. The factual difference between that case and this one is so plainly apparent as to require no further comment. Here, we think, the testimony in question was properly admitted.

Appellant called as a witness a Mrs. Blanche Wood, and the deputy prosecutor objected on the ground that her name had not been included in any list of witnesses served upon him as required by Rem. Rev. Stat., § 2050 [P. C. § 9258]. The objection was sustained. The appellant then made formal offers of proof, but the court refused to permit the witness to testify. This, the appellant assigns as error.

The trial opened June 3, 1940. Mrs. Wood was subpoenaed on June 5th and was called to testify the following day. The record does not show when the appellant's counsel first learned of the witness, nor is it clear as to why she was not included in appellant's list of witnesses. The prosecuting attorney did not claim surprise nor request a continuance to afford an opportunity to interview her.

In *State v. Martin*, 165 Wash. 180, 4 P. (2d) 880, under circumstances generally similar to those of the case at bar, this court saw fit to clarify its former construction (see *State v. Sickles*, 144 Wash. 236, 257 Pac. 385) of the statutory provision requiring service of a list of the defendant's witnesses upon the prosecuting attorney. It was an *En Banc* decision by a very much divided court. (Three judges signed the prevailing opinion, four separately specially concurred, and two dissented.) However, there has been no subsequent departure from either its holding or its reasoning. There, the state objected to the defendant's witnesses on the sole ground that no list containing their names

had been served upon the prosecuting attorney. We held that the trial court had erred in declining to permit them to testify. Chief Justice Tolman, who wrote the principal opinion, adopted this line of reasoning:

The only purpose of the statute (Rem. Rev. Stat., § 2050) is to safeguard the state against surprise defenses and afford it time and opportunity to attack the testimony of unscrupulous defense witnesses. If the calling of a witness without notice does not result in disadvantage to the state, there is no reason at all to penalize the defendant for his noncompliance with the statute, no matter how inexcusable it may be. Even where the state has been put to a disadvantage, the trial court should not exclude the testimony of defendant's unlisted witnesses, but should give the state whatever time it may reasonably require to meet the unexpected situation. Whenever it becomes necessary, the superior court should resort to its disciplinary powers to compel observance of the statute.

The factual situation in the *Martin* case, to which Judge Tolman applied this reasoning, was, in the language of the opinion, as follows:

"(1) The defendant failed to serve a list of his witnesses, though (2) he knew of the witnesses and had the intention to call them long enough before the trial to have enabled him to serve a list; (3) he offered no excuse for his failure to serve a list; (4) witnesses for the defendant present at the trial, in response to subpoenas issued at the direction of the court, were not permitted to testify because no list had been served; (5) the defendant, in his offer of proof, stated what it was expected the witness would testify to, and (6) *such testimony would have been competent and material* and not cumulative to such an extent as to be objectionable; and (7) the state did not suggest that it would be at any disadvantage by reason of surprise or lack of opportunity to interview the witnesses or investigate their reputation and character." (Italics ours.)

A comparison of the foregoing quotation with our statement earlier in this opinion regarding the circumstances of the calling of the witness, Mrs. Wood, by appellant, will disclose that, with one exception, each of the seven factual elements of the *Martin* case either has a counterpart in the case at bar or has in this case a corresponding element more favorable to appellant (defendant). The sole possible exception is number (6) (that the proffered testimony was "competent and material").

If element number (6) is the same in both cases, then, manifestly, the *Martin* case controls this one. In other words, if the testimony which the appellant offered to adduce by Mrs. Wood was competent and material, then the trial court erred in refusing to permit her to testify. Before we examine appellant's offer however, we wish to call attention to another *En Banc* decision of this court (with only one judge dissenting), *State v. Lunsford*, 163 Wash. 199, 300 Pac. 529, as we think it will serve to circumscribe further the question under consideration.

In that case, the defendant called as a witness a woman who had been subpoenaed but had not been included in the list served upon the state. The trial court refused to let her testify, but the defendant *failed to make any offer of proof*. We held that the court had not abused its discretion for the reason stated in the following excerpts from the opinion:

"Upon such a situation arising as that now under discussion an offer of proof should be made, stating, briefly, the substance of the testimony which will be given by the witness whose testimony is desired. There is nothing in the record before us from which it can be determined that Mrs. Dennison would have testified to any facts material to the issues, or that her testimony would have been admissible in evidence. . . .

"To hold that, upon this matter, the action of the trial court constituted reversible error, might result in a ridiculous situation if, after reversal of the judgment of guilty, upon the case once more coming on for trial, it should appear that the witness whose testimony was desired by defendant could give no testimony which was pertinent or which under the law was admissible. *Because of the failure of appellant to make any offer of proof as to the facts concerning which Mrs. Dennison would testify, we find no reversible error in the ruling of the trial court refusing to allow the witness to be sworn.*" (Italics ours.)

*State v. Lunsford,* then, is authority for this statement: Unless, in the instant case, it appeared from appellant's offer of proof that Mrs. Wood could give material and competent testimony, the trial court properly rejected her as a witness.

██ Appellant's first offer was to the effect that, during a period of several months when the prosecutrix had been in her custody in Portland, Mrs. Wood had observed that the girl was not trustworthy, had "a predominant trend of character to tell falsehoods and to be dishonest," and sometimes had admitted telling falsehoods.

The proffered testimony clearly was inadmissible. Bad character should be shown by general reputation, not by private opinion of the impeaching witness. 28 R. C. L. 630, § 216; *State v. Crockett,* 161 Wash. 262, 296 Pac. 1041. And the character of the prosecutrix, under the circumstances of this case, was not subject to impeachment by proof of particular acts of misconduct. 28 R. C. L. 623, § 211; *State v. Gaffney,* 151 Wash. 599, 276 Pac. 873, 65 A. L. R. 405.

██ The next offer which the appellant made was as follows:

"BY COUNSEL FOR DEFENDANT: I will make the further offer to prove by this witness that the general reputation of [the prosecutrix] for truth and veracity

among people who know her in Portland is bad. By COUNSEL FOR PLAINTIFF: We make the same objection and in addition on the ground that there is no time set and we do not know the period or date to which the evidence would apply, whether now or a couple of hours ago. By COUNSEL FOR DEFENDANT: I will add to my offer of proof, during the next several months preceding the time she came to live with Mrs. Kasebaum [April, 1938]."

The court sustained respondent's objection, assigning as one of the reasons that the testimony was too remote.

The offer in its final form was to show that the prosecuting witness had had a bad reputation for truth and veracity at a time two years and two months prior to the trial. The question of the admissibility of such testimony rested largely within the discretion of the trial court under all the attendant circumstances. 28 R. C. L. 632, § 218. The purpose of character testimony, as applied to a witness, is to assist in determining his credibility, and it should, therefore, speak as of the time of the trial. However, the sources of the information of the impeaching witness must necessarily more or less extend back into the past and considerable latitude is allowed in regard to time. Whether or not the testimony is too remote to have substantial probative value depends upon the circumstances of the particular case. See 3 Wigmore on Evidence (3rd ed.), 470, §§ 927, 928.

More latitude is permitted to prove good character than to show bad character. The impeaching testimony also may be more remote if the subject witness has no settled place of abode, or has changed his domicile, or where the testimony with reference to the earlier period is connected up by other testimony with the time of the trial. *Miller v. Miller*, 187 Pa. 572, 41 Atl. 277; *State v. Summar*, 143 Mo. 220, 45 S. W.

254; *State v. Bryant,* 97 Minn. 8, 105 N. W. 974; *State v. Quinlan,* 86 N. J. L. 120, 91 Atl. 111; *Strickland v. State,* 37 Ariz. 368, 294 Pac. 617.

The opinion in *State v. Bryant, supra,* contains the significant statement that " . . . there is a presumption against any sudden change in the character of a person *who has reached the age of maturity* [citing authorities] . . . " (Italics ours.) The implication of the foregoing statement is that testimony of *past* character is deemed to have probative value in determining *present* character because an *adult* person is not likely to undergo any sudden change.

In each of the five cases last cited, it was held that the trial court had not abused its discretion in excluding character testimony as too remote in time. The periods of time involved were, respectively, four years; three years; four years; "two, three, or four years . . ."; and five years. In none of them does the opinion disclose that the subject of the character testimony was under the age of eighteen years at the time of the trial. In the case at bar, the prosecutrix was thirteen years old, and the testimony offered to impeach her character referred to a prior period when she was only eleven years of age. No other witness was called, and no other testimony was offered in this regard, although, during the intervening two years, the prosecutrix had continued to reside in Portland, a substantial part of the time in the custody of a Mrs. Kasebaum, a step-daughter of appellant, and who testified in his behalf at the trial.

Under the circumstances, we think that it was not an abuse of discretion for the trial court to reject the offered proof. To an eleven year old child, the lapse of two years means more, so far as the probability of a change of character is concerned, than a very much

longer period to a mature person of fixed and settled habits.

█ In his final offer of proof, appellant's counsel proposed to have Mrs. Wood contradict statements which he asserted the prosecutrix had made on cross-examination, to the effect that her religion had caused some disagreement and difficulty between her and Mrs. Wood. The trial court rightly rejected the offer. So far as the record shows, the prosecuting witness did not give any testimony such as appellant proposed to contradict; and, even if she had so testified, the offer was but an effort to impeach her upon collateral facts.

We conclude that the trial court did not err in refusing to permit Mrs. Wood to testify.

█ The next assignment of error is to the effect that a question which the prosecuting attorney asked the appellant was highly prejudicial and constituted misconduct of counsel. The question came almost at the close of the recross-examination of the appellant. In order to show how it came about and what led up to it, we shall quote directly from the statement of facts (the questions have been numbered consecutively for convenience in referring to some of them later) as follows:

"REDIRECT EXAMINATION by Mr. McCoy.
"[1] Q. Have you ever been accused of anything of that sort before? A. No, sir. [2] Q. Ever been arrested before? A. No, sir. [3] Q. You have been in trouble before, though, haven't you? A. No, I have not.

"RECROSS EXAMINATION by Mr. Imus.
"[4] By COUNSEL FOR THE STATE: Do you recall one time when Mr. Stuart was prosecuting attorney, Mr. Bill Stuart was prosecuting attorney? A. Yes. [5] Q. Do you remember Charley Phipps, who lived in Longview and had Studebaker agency? A. Yes. [6] Q. You had quite a time there with him, didn't you? OBJECTED TO BY COUNSEL FOR DEFENDANT as irrelevant

and immaterial and not proper cross examination. A. Not that I remember. BY THE COURT: Why do you offer this? BY COUNSEL FOR PLAINTIFF: He testified he had never been in trouble before of any kind. BY THE COURT: I think you raised that question. BY WITNESS: Let him go ahead and ask it. [7] Q. As a matter of fact you and Mrs. Thomas played a badger game with Mr. Charles Phipps and got Mr. Phipps' Studebaker automobile out of it, is that a fact? OBJECTED TO BY COUNSEL FOR DEFENDANT AS NOT PROPER CROSS EXAMINATION. OBJECTION SUSTAINED."

Appellant's assignment of error refers to the last question (number 7) in the foregoing quotation. He now claims, also, that the recross-examination by the deputy prosecuting attorney actually began with question number 3, instead of question number 4, as indicated in the record. He has presented a motion in this court, supported by an affidavit of the court reporter, for leave to send the statement of facts back to the trial court for correction in that and other particulars.

We have not considered it necessary to pass upon the motion because we shall assume, for the purpose of this opinion, that the correction requested by appellant (the only one which we regard as material) has been made, and that counsel for the state asked question number 3, "You have been in trouble before, though, haven't you?" Even so, there is nothing in the incident, viewed as a whole, which warrants reversal of the judgment. While appellant's own counsel did not open the door to the line of cross-examination which the state pursued, at least we may say that he left it ajar, and, we think, the prosecutor, in good faith, tried to pass through but found the opening too narrow.

Appellant's attorney objected to the final question, the objection was sustained, and nothing further was

said about the matter by any one. The court was not requested to instruct the jury to disregard the question, no motion for a mistrial was made, and the appellant submitted his case to the jury without protest so far as that particular incident was concerned. Under the circumstances, he is not now in a position to insist that it constituted misconduct of counsel so prejudicial that the trial court erred in denying his motion for a new trial. *Lally v. Reilly,* 143 Wash. 522, 255 Pac. 923; *State v. Miles,* 154 Wash. 412, 282 Pac. 485; *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947; *Carmody v. Trianon Co.,* 7 Wn. (2d) 226, 109 P. (2d) 560.

In his opening instruction, the trial court quoted to the jury the charging part of each count of the information and, in so doing, stated the time of the offense as alleged in count one to be " '. . . at any time between the 1st day of January, 1940, and the 1st day of March, 1940,' " whereas count one in fact read " . . . on or about the 17th day of February, 1940." The court also recited the time of the offense charged in count two as " '. . . at any time between the 1st day of May, 1939, and the 30th day of June, 1939,' " although the second count actually alleged " . . . during the month of August, 1939." Appellant contends that it was reversible error for the court so to instruct the jury.

As no exception whatsoever was taken to the instruction at the trial, as required by Rule X of the Rules of Practice, 193 Wash. 47-a, Rem. Rev. Stat. (Sup.), § 308-10 [P. C. § 8676-13], appellant's assignment of error based thereon cannot be considered. *State v. Hussey,* 188 Wash. 454, 62 P. (2d) 1350.

Appellant's attorney on this appeal (he was not of counsel for appellant at the trial) invokes the rule announced in *State v. Warwick,* 105 Wash. 634,

178 Pac. 977, that, where an instruction violates a constitutional right of the accused, it is not necessary to take an exception in order to have the error reviewed upon appeal. He earnestly urges that the effect of the instruction, in connection with others given by the court, was to submit to the jury offenses other than those alleged in the information. This, he asserts, violated appellant's rights under the state constitution, Art. I, § 22, as amended by the tenth amendment, which provides that "the accused shall have the right . . . to demand the nature and cause of the accusation against him, . . . "

The variance as to dates between the recitals in the court's instruction and the allegations of the information was not material. The appellant interposed no defense of alibi, and sodomy is not a crime in which the time or the day of commission is an essential element or a material ingredient. A charge of the commission of such a crime on a particular date will support a conviction of the crime on any date within the applicable statutory period of limitation next preceding the filing of the information. Rem. Rev. Stat., §§ 2060, 2065 [P. C. §§ 9273, 9281]; *State v. Osborne,* 39 Wash. 548, 81 Pac. 1098; *State v. Oberg,* 187 Wash. 429, 60 P. (2d) 66; *State v. Odell,* 188 Wash. 310, 62 P. (2d) 711.

The appellant was fully advised of "the nature and cause of the accusation against him," and his constitutional rights were not invaded.

Judgment affirmed.

ROBINSON, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.