## STATE vs. LYON.

The first count in an indictment charged the defendant with a felonious and burglarious breaking into a shop in the night time and stealing therefrom certain articles, belonging to &c., specifying the value of each. The second count charged that the defendant "the goods and chattels, moneys and property aforesaid, by some ill disposed person * * then lately before feloniously and burglariously taken and carried away, unlawfully, unjustly and for the sake of wicked gain did receive and have," knowing them to be stolen. *Held*, that the words "goods and chattels &c. *aforesaid*" did not import into the second count the allegations of the first in regard to the *value* and *ownership* of the property; and that by reason of the absence of any such allegations, a motion in arrest of judgment, after a verdict of guilty under that count, should be granted.

REPORTED from the Circuit Court for *Sauk* County for the opinion of this court.

*C. C. Remington*, for the defendant.

*The Attorney General*, for the state, cited R. S., ch. 165, sec. 20; ch. 179, sec. 13; ch. 180, sec. 8; Archb. Cr. Pl., 51, 56; 1 Whart. Am. Crim. Law (last ed.), 396, 419, 420, 1903; Whart. Prec. of Ind., 195, 202; *Regina v. Waverton*, 6 Crown C., 339; 1 Hawks, 231; 1 Chitty's Cr. Law, 250, 253; 3 id., 988; 1 Eng. L. & E., 563; *Rex v. Galloway*, 2 Crown C., 234; 45 Maine, 608; *Dowdy v. Commonwealth*, 9 Gratt., 727; *Rex v. Wheeler*, 7 C. & Payne, 170. In *Regina v. Craddock*, 1 Eng.

L. & E., 563, is given a form of the third count similar to the one in this indictment. No objection was raised by court or counsel to the omission of the statement of value of the things stolen, and the count was held good.

*By the Court*, COLE, J. This case has been reported to this court under section 8, chap. 180, R. S. The indictment contains two counts. In the first count *Lyon* is charged with a felonious and burglarious breaking into a shop in the night time, and stealing therefrom certain guns, pistols, and shot belts belonging to one Lay, each article of the value mentioned in the indictment. In the second count it is charged that *Lyon* " the goods and chattels, moneys and property aforesaid, by some ill disposed person, to the jurors aforesaid yet unknown, then lately before feloniously and burglariously stolen, taken and carried away, unlawfully unjustly and for the sake of wicked gain did receive and have," knowing them to be stolen. A *nolle* was entered on the first count, and the jury found *Lyon* guilty in manner and form as charged in the indictment. A motion was made in arrest of judgment, on the ground that the second count is essentially defective for not stating the value of the goods or who owned them, and it is upon this question of law that the decision of this court is sought. We are of the opinion that the second count of the indictment is defective for not alleging the value and ownership of the property. The only way the count can be sustained is to hold that the expression " the goods and chattels, moneys and property *aforesaid* " import or incorporate into that count the allegations of the first in respect to the value and ownership of the property. But the word " aforesaid " does not necessarily or naturally imply that the property is of the value mentioned in the first count, or that it belongs to the same person. It merely means that it is the same property mentioned in the first count. Had the allegation been that *Lyon* received and held the property " aforesaid so owned

as aforesaid and of the value aforesaid" then it might well have been contended that this was equivalent to stating its value and ownership. For that form of expression would not only imply that the property was the same as that before mentioned, but that it was of the same value and belonged to the same person. But as it now stands it cannot be said to be equivalent to an allegation of that character. In *Regina vs. Martin*, 9 C. & P., 215 (38 Eng. C. L., 87), a strictly analogous point was considered. In that case an indictment in the first count charged the defendant with having assaulted "E. R.," an infant above the age of ten years and under the age of twelve years, with intent to carnally know and abuse her: and in the second count charged that the defendant " unlawfully did put and place the private parts of him the said T. M. against the private parts of her the *said E. R.*, and did thereby then and there attempt and endeavor to carnally know and abuse the *said E. R.*" The offense intended to be charged in the second count was an attempt to have carnal knowledge of a child between ten and twelve years old. But the court decided that the offense was not so charged by the language used, and that the second count was bad for not alleging that E. R. was between the ages of ten and twelve, so as to bring the case within the statute. So that though in the first count the child had been described as an infant above the age of ten and under the age of twelve years, and the second count referred to her as the said E. R., yet the court held that this meant only that she was the same person mentioned in the first count, and did not imply that she was between the ages of ten and twelve. It appears to us that this decision is very much in point, and we have found none in conflict with it. The attorney general referred us to the case of *Regina vs. Craddock*, 1 Eng. L. & E. R., 563, as laying down a different rule of pleading. But this is a misapprehension of the effect of that decision. In that case an indictment in the first count charged the defendant with arceny, on which the jury found a verdict of not guilty. In

a subsequent count the defendant was charged with having received the article " so as aforesaid feloniously stolen," on which the jury found a verdict of guilty. It was insisted that there was a repugnancy, for the reason that the words " so as aforesaid feloniously stolen " clearly implied that the note had been received by the defendant after it had been stolen by him, while the jury found that he was not guilty of stealing it. The court however sustained the conviction, some of the judges thinking that the words " so as aforesaid " did not import into the subsequent count the words " stolen by Henry Craddock," used in the first count, while others held that even if those words were imported, the finding of the jury was nevertheless perfectly valid. And as we understand the question before the court, there is nothing in this case in conflict with *Regina vs. Martin.*

It is true Wharton, in his work "Precedents of Indictments," p. 196, gives a form like the one adopted in drawing this second count; but we have found no case where it has been held sufficient, and in principle we cannot see how it can be. It is certainly essential to aver that the stolen property received and held was of some value and owned by somebody. To say that the second count in this indictment imports that the property was of the value and was owned by the person named in the first count, is placing upon the language a most unnatural construction, and is arriving at the meaning of an allegation by the loosest inference and implication.

We therefore think the motion in arrest of judgment should be granted, and the case will be so certified to the circuit court.