[No. 27491. Department One. July 27, 1939.]

THE STATE OF WASHINGTON, *Respondent,* v. SIDNEY ELI McLAIN, *Appellant.*[1]

*J. P. Tonkoff,* for appellant.

*Lloyd L. Wiehl, George W. Wilkins,* and *Ian R. Mac-Iver,* for respondent.

STEINERT, J.—The sole question in this case is whether or not the trial court erred in refusing to permit the entry of a plea of insanity offered during the course of a criminal trial.

[1]Reported in 92 P. (2d) 875.

The information charged defendant, Sidney Eli Mc-Lain, with the crime of murder in the first degree, committed on August 4, 1938. Upon his arraignment on November 26th, he pleaded not guilty. The trial began December 20th, and after the state had rested, on December 22nd, defendant took the stand in his own behalf. During the course of his direct examination, his attorney for the first time tendered a written special plea of insanity. Objection to the plea was made, and after considerable argument and certain offers of proof, in the absence of the jury, the court sustained the objection and denied entry of the special plea. The trial proceeded, and the case was finally submitted to the jury. On the following day, the jury returned a verdict finding defendant guilty as charged and, in addition, a special verdict finding that the death penalty should not be inflicted. Motion for new trial having been denied, judgment on the verdict was entered. This appeal followed.

The manner of pleading insanity or mental irresponsibility as a defense is governed by Rem. Rev. Stat., § 2174 [P. C. § 9294]. In quoting the statute, we divide it into its two logical component parts. The first part reads thus:

"When it is desired to interpose the defense of insanity or mental irresponsibility on behalf of one charged with a crime, the defendant, his counsel or other person authorized by law to appear and act for him, *shall at the time of pleading to the information or indictment* file a plea in writing in addition to the plea or pleas required or permitted by other laws than this, setting up (1) his insanity or mental irresponsibility at the time of the commission of the crime charged, and (2) whether the insanity or mental irresponsibility still exists, or (3) whether the defendant has become sane or mentally responsible between the time of the commission of the crime and the time of the trial." (Italics ours.)

The second part of the statute provides:

"The plea may be interposed at any time thereafter, before the submission of the cause to the jury, *if it be proven* that the insanity or mental irresponsibility of the defendant at the time of the crime *was not before known to any person authorized to interpose a plea.*" (Italics ours.)

The special plea was not interposed at the time of pleading to the information; hence, the first part of the statute has no application here.

Appellant relies upon the latter portion of the statute. It will be observed from the language last quoted that, when such plea is interposed *after* the time of pleading to the information, it must be proven that the insanity or mental irresponsibility at the time of the crime was not known, *before* such interposition, to *any* person authorized to interpose the plea. Appellant's attorney was not only authorized to interpose the plea, but actually did interpose it. It was, therefore, necessary that it be proven that the attorney did not know, before the time of interposing the plea, that appellant was insane or mentally irresponsible at the time the crime was committed; with the qualification, of course, that, after the attorney acquired knowledge of the insanity, he was entitled to a reasonable time within which to prepare and file the special plea.

■ The record discloses that appellant did not meet the requirements of the statute. We shall state the substance of what transpired before the court.

At about four p. m. of the third day of the trial, while the appellant was on the stand as a witness in his own behalf, the prosecuting attorney was served with a copy of the special plea of insanity, subscribed and sworn to on that day by appellant's attorney of record. The plea recited that, if the crime was committed by appellant, it was done during a temporary period of

mental irresponsibility and in a fit of insanity from which appellant had since recovered. With reference to the element of knowledge, the plea recited:

"That the insanity and mental irresponsibility of said defendant was not known to the defendant *at the time the crime charged* in the information *was committed* or *to his counsel and attorney of record.*" (Italics ours.)

The jury was excused and, after objection to the plea had been made by the prosecuting attorney, appellant's counsel stated to the court that he "had conceived this idea" that noon as the result of testimony previously given by the police officers concerning admissions and contradictory statements which appellant had made to them. Appellant's attorney took the position that a mere showing of his client's mental condition at the time of the alleged crime was sufficient to entitle him to have the special plea entered. The court, however, ruled that there had not been sufficient showing of compliance with the second subdivision of the statute, and therefore refused to receive the plea. Appellant's counsel thereupon offered to produce medical testimony to the effect that, on the basis of the testimony then in the record, appellant could have been, or was, insane if he committed the crime.

After some further colloquy, the attorney called a physician as a witness for appellant. The physician having been sworn, the prosecuting attorney objected to the introduction of his evidence upon the subject of appellant's insanity. The court sustained the objection on the ground that the special plea had not as yet been received. Appellant's attorney then announced that he himself would not take the stand to prove his own lack of prior knowledge of appellant's insanity, because he feared that, in doing so, he would be foreclosed from arguing the case to the jury. In-

stead, he recalled the appellant and through him attempted to lay a foundation for the plea. Appellant testified that he had employed his attorney in the month of September; that he had never told his attorney of the contradictory statements previously made by him to the investigating officers; that he had never, before the trial, discussed with his attorney the subject of temporary insanity; and that he was so intoxicated at the time of the alleged crime that he remembered nothing about it afterwards. On cross-examination, appellant admitted that he had told his attorney in September that he had been drinking to excess at the time of the alleged crime and did not remember what had then happened. Appellant's counsel then offered to recall the physician witness to testify on the subject of appellant's insanity. The court again sustained an objection to the offer on the ground that the special plea was not sufficient.

We agree with the ruling of the trial court. The proof in support of the plea was insufficient because it was not shown that appellant's attorney did not *know* of his client's insanity. The evidence was merely that the appellant had not told his attorney of certain contradictory statements previously made by him to the investigating officers. Lack of information by the attorney concerning appellant's prior admissions did not establish his lack of knowledge of the primary fact of insanity.

With respect to the reason given by appellant's attorney for not taking the stand himself to prove his lack of prior knowledge, it is sufficient to say that the particular controversy concerning the reception of the plea was heard by the court in the absence of the jury, and it is hardly conceivable that the court would have refused to allow the attorney to argue the merits of the case before the triers of the ultimate facts.

Moreover, the attorney made no request of the court in that respect, but assumed, without reason we think, that Rule XII of the General Rules of the Superior Courts, 193 Wash. 61-a, would foreclose him.

█ The testimony of the physician witness was inadmissible at that stage of the case because, until the special plea was received, there was no basis for evidence upon the subject of insanity.

Appellant's contention is altogether without merit. The judgment is affirmed.

BLAKE, C. J., MAIN, ROBINSON, and JEFFERS, JJ., concur.