[No. 30870. Department Two. March 18, 1949.]

THE STATE OF WASHINGTON, *Appellant*, v. LAIRD D. FITZGIBBON, *Respondent*.[1]

[1]Reported in 203 P. (2d) 1016.

*John Hancock,* for appellant.

*George N. Apostol* and *R. E. Young,* for respondent.

SCHWELLENBACH, J.—This is an appeal by the state from an order granting a new trial.

On October 8, 1948, an information was filed in the superior court of Okanogan county, charging the defendant with the crime of larceny by check. He was arraigned on that day and given additional time in which to plead and to obtain counsel. On November 1, 1948, an amended information was filed, at which time defendant again appeared for arraignment, accompanied by George N. Apostol, his attorney. He entered a plea of "Not Guilty."

On November 2nd the following plea was prepared by his attorney:

"IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF OKANOGAN

| STATE OF WASHINGTON, *Plaintiff,* | |
|---|---|
| v. | No. 04023 |
| LAIRD D. FITZGIBBON, also known as L. D. Fitzgibbon, *Defendant.* | PLEA |

"Comes now, the defendant by his attorney, George N. Apostol, and enters the plea, Not Guilty by Reason of Insanity.

"That the said defendant was insane at the time he is charged with the commission of the crime as set forth in the amended information.

"That the said defendant has become sane between the time he is charged with the commission of aforesaid crime and the time of the trial.  GEORGE N. APOSTOL
Attorney for Defendant

FILED Nov 3, 1948
STATE OF WASHINGTON } ss.
County of Okanogan

"LAIRD D. FITZGIBBON, being first duly sworn, on oath deposes and says: That he is the defendant in the above

and foregoing plea; That he has read the same, knows the contents thereof, and believes the same to be true.

LAIRD D. FITZGIBBON

Subscribed and sworn to before me this 2nd day of November, 1948  R. E. MANSFIELD

Notary Public in and for the State of Washington, residing at Okanogan"

Service of the above plea was acknowledged by the prosecutor November 2nd and the original was filed the following day. The cause came on for trial on November 15th before the Honorable Joseph Wicks, Judge.

In his opening statement, made after the state rested, Mr. Apostol made reference to the plea of insanity, and objection was made by the prosecutor for the reason that no such plea had been accepted by the court. The court then excused the jury and listened to the testimony of Mr. Apostol and Dr. Charles O. Mansfield. Mr. Apostol testified that after he was retained by the defendant he investigated and learned that the defendant could have been insane at the time of the commission of the crime; that he had been confined in a mental hospital in the East; that Mr. Apostol thereupon employed Dr. Mansfield to make an investigation.

Dr. Mansfield testified that his investigation convinced him that the defendant was insane at the time of the commission of the crime. Both Mr. Apostol and Dr. Mansfield testified that Dr. Mansfield did not inform Mr. Apostol of his conclusions until November 2nd, which was the day following the entry of the plea of "Not Guilty." On this showing, the trial court ruled that the special plea of "Not Guilty By Reason of Insanity" would be denied.

The jury returned a verdict of "Guilty," and a motion for a new trial was made. At the hearing on the motion, the court made the following order:

"On this 18th day of November 1948, this cause came regularly on for hearing by the court on the defendant's motion for a new trial because of error of law occurring at the trial and excepted to by the defendant and the said

defendant appearing by his counsel, George Apostol and R. E. Young and the State of Washington appearing by John Hancock, Prosecuting Attorney of Okanogan County, Washington, and after hearing said Motion and the argument of counsel and the Court being fully advised in the premises, it is by the Court

"ORDERED, That said defendant shall be and he hereby is granted a new trial and the motion of said defendant to set aside the verdict of Guilty, rendered by a jury in said cause on the 15th day of November, 1948, finding said defendant Guilty as charged in Counts I and III in the Amended Information on file herein, is hereby granted. It is further ordered that said new trial be granted because of error of law occurring at the trial in that said defendant was prevented and not permitted to introduce evidence in support of a plea of Not Guilty by reason of insanity at the time he was charged with the committing of the crimes as set forth in Counts I and III in the Amended Information.

"Done at Okanogan, Washington, this 20th day of November, 1948.                                         Joseph Wicks,
JUDGE"

This appeal follows.

We wish to commend the trial court for stating in his order the specific ground for granting the new trial, thus permitting us to meet the issue squarely, rather than by the issuance of a general order for a new trial, in the review of which we can only consider the discretion of the trial court.

Rem. Rev. Stat., § 2174 [P.P.C. § 133-3], provides:

"When it is desired to interpose the defense of insanity or mental irresponsibility on behalf of one charged with a crime, the defendant, his counsel or other person authorized by law to appear and act for him, shall at the time of pleading to the information or indictment file a plea in writing in addition to the plea or pleas required or permitted by other laws than this, setting up (1) his insanity or mental irresponsibility at the time of the commission of the crime charged, and (2) whether the insanity or mental irresponsibility still exists, or (3) whether the defendant has become sane or mentally responsible between the time of the commission of the crime and the time of the trial. The plea may be interposed at any time thereafter, before the submission of the cause to the jury, if it be proven that the

insanity or mental irresponsibility of the defendant at the time of the crime was not before known to any person authorized to interpose a plea."

▉ It will thus be seen that the special plea of insanity should be given at the time of pleading to the information, but that it may be interposed at any time thereafter before the submission of the cause to the jury, if it be proven that the insanity was not before known to any person authorized to interpose a plea.

The above statute has twice been before this court for interpretation. In *State v. Wilson,* 69 Wash. 235, 124 Pac. 1125, a judgment of second-degree murder was affirmed by this court on May 22, 1912. On June 6th, a motion was filed in superior court praying for the appointment of a lunacy commission to examine the defendant with reference to his insanity at the time of the trial and at the present time. We there said:

"We think the plain inference to be drawn from a reading of § 2174 is that such plea must be interposed before the case is submitted to the jury; and that, if it comes thereafter, it is too late."

In *State v. McLain,* 199 Wash. 664, 92 P. (2d) 875, the defendant was charged with murder in the first degree. Upon his arraignment on November 26, 1938, he pleaded not guilty. The trial began December 20th, and after the state had rested, on December 22nd, the defendant took the stand on his own behalf. During the course of his direct examination, his attorney initially tendered a written special plea of insanity. The attorney stated to the court that he "had conceived the idea" that noon as the result of testimony previously given by the police officers concerning the admissions and contradictory statements which the defendant had made to them. We held that the proof in support of the plea was insufficient because it did not establish that appellant's attorney did not *know* of his client's insanity.

▉ In the case at bar, the respondent was first arraigned on October 8th. Subsequent to that time, and prior to his rearraignment on the amended information on November

1st, his attorney received information which led him to believe that his client was insane at the time of the commission of the crime, and he employed a doctor to make further investigation. At the time his client was rearraigned on November 1st, the investigation had not been completed. He did not then know of his client's insanity. It would not have been proper for him to then interpose the special plea, anticipating or hoping that the result of the investigation would later justify such action. The following day, November 2nd, the doctor advised him of the result of his investigation, and the attorney immediately interposed the special plea. This was before the submission of the cause to the jury. It was proved that the insanity of the defendant, at the time of the crime, was not known to his attorney when the defendant was arraigned on November 1st, and the trial court was in error in not permitting the interposition of the special plea.

When the prosecutor was served with a copy of the special plea, it was not incumbent upon him to bring the matter to issue before the trial. On the other hand, the respondent could have brought the matter to issue before the trial, but it was not incumbent upon him to do so. The plea was on file; the prosecutor had notice of it. The question was brought to the attention of the trial court before submission of the cause to the jury. The provisions of the statute were complied with. The trial court, having recognized that an error had occurred during the trial, properly granted respondent's motion; and the order granting a new trial is affirmed.

We direct, subject to the necessary approval of the other members of this court, as provided by Rem. Rev. Stat., § 10 [P.P.C. § 110-9], that remittitur be immediately transmitted to the superior court evidencing our disposition of this case.

JEFFERS, C. J., ROBINSON, SIMPSON, and GRADY, JJ., concur.