[No. 450-1. Division One—Panel 2. March 15, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. GUY WELLMAN HOLLOWAY, *Appellant.*

*Horswill, Keller, Rohrback, Waldo & Moren* and *Nelson Christensen,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Christopher J. Bell, Deputy,* for respondent.

FARRIS, A.C.J.—Mr. Holloway was arrested on July 25, 1969, and by information filed September 3, 1969, was charged with the crimes of assault in the first degree and robbery. He appeals from the conviction and sentence entered upon a verdict of guilty.

During the course of the trial, appellant's counsel moved for a continuance for the stated reason of obtaining psychiatric consultation and preparation of a defense based on mental irresponsibility. No special plea had been entered.

Appellant's counsel was the fourth attorney to serve in his behalf and had been appointed to serve by the court 3 weeks prior to trial. This course of events was partially brought about by the accused's insistence on an immediate trial and his personal rejection of attempts to continue the matter so that counsel might effectively prepare his defense.

When the motion for a continuance was made, there was nothing in the record of the proceeding to that point to indicate that the appellant was or is insane. It is agreed that he was competent to stand trial and to participate in his own defense.

The court denied the motion with the proviso that the issue of entering a special plea would be considered in a post-trial motion for a new trial. After the verdict of guilty was returned, but prior to entry of judgment and sentence, a psychiatric examination was ordered by the presiding judge upon Mr. Holloway's motion. The examining psychiatrist concluded that Mr. Holloway had been suffering from

a "paranoid psychosis" which dated from the fall of 1968. He considered Mr. Holloway to be a "paranoid schizophrenic." The psychiatrist also concluded that Mr. Holloway, at the time of the offense, probably "did not know that what he was doing was wrong."

The record shows that appellant's counsel had not seriously considered the existence of a mental condition during his trial preparations although he had been advised by appellant that the issue should be considered. The record reflects a history of alcoholism.

We find that the psychiatric report would have justified the special plea of insanity had it been available at the beginning of the trial or at the time of the trial motion. Although a special plea is normally made at the time of pleading to the information or indictment,

> The plea may be interposed at any time thereafter, before the submission of the cause to the jury, if it be proven that the insanity or mental irresponsibility of the defendant at the time of the crime was not before known to any person authorized to interpose a plea.

RCW 10.76.020. See State v. Fitzgibbon, 32 Wn.2d 881, 203 P.2d 1016 (1949).

After the trial commenced but before the state concluded its case in chief, the accused moved for a continuance to develop evidence to support a special plea of insanity. The trial court on the basis of the record before it at the time, properly denied that motion. Our review is complicated because the trial court ruled that the matter would be considered in a post-trial motion for new trial. When that motion was made, it was summarily denied without comment on the prior ruling.

■■ A motion for new trial rests within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. State v. Lemieux, 75 Wn.2d 89, 448 P.2d 943 (1968); State v. Marks, 71 Wn.2d 295, 427 P.2d 1008 (1967). In the usual case, the trial court does not recite its reasons for denying a motion for a new trial but here, we cannot determine whether the trial court abused

its discretion in denying the motion for a new trial unless we know its reasons for the ruling.

We therefore remand the cause for entry of findings by the trial court on the issue of the insanity plea. *See State v. Tate,* 74 Wn.2d 261, 444 P.2d 150 (1968); *Garratt v. Dailey,* 46 Wn.2d 197, 279 P.2d 1091 (1955).

It is so ordered.

JAMES and SWANSON, JJ., concur.