KELLY et ux, Appellants v. KELLY, Respondent

(228 N.W.2d 332)

(File No. 11386. Opinion filed April 25, 1975)

Ronald C. Aho, Alan F. Glover Law Firm, Brookings, for plaintiffs and appellants.

Donald J. Porter and David A. Gerdes of Martens, Goldsmith, May, Porter & Adam, Pierre, for defendant and respondent.

South Dakota Trial Lawyers Assn., amicus curiae.

DOYLE, Justice.

In this case plaintiffs, Ronald and Catherine Kelly, were riding with Ronald's father, defendant Donald Kelly, in the front seat of defendant's car when they ran into the rear of a snowplow. The plaintiffs suffered serious injuries and brought this suit to recover damages from the defendant. The complaint sought recovery under the South Dakota guest statute, SDCL 32-34-1,[1] alleging willful and wanton misconduct. The defendant

1. SDCL 32-34-1 states: "No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such willful and wanton misconduct contributed to the injury, death, or loss for which the action is brought."

then moved for summary judgment under SDCL 15-6-56(b). At the summary judgment hearing the plaintiffs requested, and were granted, leave to file an amended complaint alleging defendant's negligence and the unconstitutionality of the guest statute as an additional cause of action. The trial court granted summary judgment stating that, as a matter of law, the facts presented did not constitute willful and wanton misconduct and that the South Dakota guest statute was constitutional.

Plaintiffs appeal maintaining that summary judgment should not have been granted on either issue. We agree that summary judgment should not have been granted on the issue of willful and wanton misconduct. Because of this decision and because of our decision in # 11425, Behrns v. Burke, (handed down April 25, 1975), it is unnecessary to address the constitutional question in this opinion.

SDCL 15-6-56(c) states that "The judgment sought shall be rendered forthwith if * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." There is no doubt that the fact involved is *material;* the guest statute makes willful and wanton misconduct necessary to any recovery here. We conclude, however, that there is a genuine issue concerning this fact and that the trial court could not grant judgment as a matter of law when such fact is in dispute.

The record shows that the snowplow was first visible as a cloud of snow but it was not apparent that the cloud contained a snowplow or that an accident was imminent until five seconds before impact. The snowplow either had no warning lights or they were obscured and undetected by all the occupants of the car. While the defendant testified in his deposition that he applied his brakes, for the purposes of this discussion we must assume the plaintiffs are correct in maintaining they did not feel any pull on the car from the brakes nor did they see defendant apply the brakes. Defendant did, however, present uncontroverted testimony that he swerved to avoid hitting the snowplow. The car was traveling sixty to sixty-five miles per hour and the snowplow at about five to ten miles per hour. The road was clear and the visibility good.

■ Willful and wanton misconduct is not identical to intentional conduct, but there are certain parallels. An intentional act is one done with a *subjective knowledge* or desire that the *substantially* certain results of that act will come about. [2] Willful and wanton misconduct, in contrast, is a conscious performance of an act with the realization "that [the] conduct would *in all probability* (as distinguished from possibly) produce the precise result which it did produce and would bring harm" to others (emphasis supplied). Melby v. Anderson, 1936, 64 S.D. 249, 254, 266 N.W. 135, 137. This realization, however, may be imputed under an *objective standard.* "[T]he driver's mental attitude is established not by what he said nor even by what he may actually have thought, but rather by the attitude that an ordinarily prudent person would have had under all the attending circumstances." Minick v. Englert, 1969, 84 S.D. 73, 78, 167 N.W.2d 551, 554.

■ Without passing on defendant's conduct after the snowplow was identified, we note the record concerning his acts before this does not eliminate all issues of material fact. Approaching a moving cloud of snow at sixty to sixty-five miles per hour is not so unambiguous as to leave "no genuine issue as to any material fact" of willful and wanton misconduct. Summary judgment is, after all, "an extreme remedy and should be awarded only when the truth is clear and reasonable doubts touching the existence of a genuine issue as to material fact should be resolved against the movant." Wilson v. Great Northern Railway, 1968, 83 S.D. 207, 212, 157 N.W.2d 19, 21.

The judgment of the trial court is reversed, and this case is remanded with instructions to enter an order consistent with this opinion denying defendant's motion for summary judgment.

All the Justices concur.

---

2. Garratt v. Dailey, 1955, 46 Wash.2d 197, 279 P.2d 1091.